Cordero v Barreiro-Cordero (2018 NY Slip Op 04443)





Cordero v Barreiro-Cordero


2018 NY Slip Op 04443


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6895 25026/15E

[*1]Dr. Richard (Ricardo) Cordero, Esq., Plaintiff-Appellant,
v
Viviana Barreiro-Cordero, etc., et al., Defendants-Respondents.


Dr. Richard Cordero, Bronx, appellant pro se.
Abislaiman Law Offices P.S.C., New York (Isabel Abislaiman of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered January 25, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.
Plaintiff failed to carry his burden in pleading activities sufficient to establish long-arm jurisdiction pursuant to CPLR 302(a)(3) (see generally Fischbarg v Doucet, 9 NY3d 375, 381 n 5 [2007]; Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]), since this action sounds essentially in breach of contract, and not in tort (see e.g. Warck-Meister v Diana Lowenstein Fine Arts, 7 AD3d 351, 352 [1st Dept 2004]). In any event, even if the out-of-state defendants' contacts with New
York fell within New York's long-arm statute, the exercise of such jurisdiction would violate due process (see Copp v Ramirez, 62 AD3d 23, 31 [1st Dept 2009], lv denied 12 NY3d 711 [2009]). We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK